[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15873
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00477-CC-GGB-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MAGANA BARAJAS,
a.k.a. Sope,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 24, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Magana Barajas, proceeding *pro se*, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  The district court did not err in denying Barajas's motion because Amendment 782 did not subsequently lower his guideline range.  Accordingly, we affirm.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  We liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  The defendant, as the movant, bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  However, § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

Ordinarily, a district court may not modify a defendant's term of imprisonment once imposed.  18 U.S.C. § 3582(c).  However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *Id.* § 3582(c)(2).  For a defendant to be eligible for such a reduction based on a subsequent amendment to the Sentencing Guidelines, the relevant

2

amendment must be listed in § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Because Amendment 782 is one of the listed amendments that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence. *Id.* §§ 1B1.10(a)(1), (d).

Nonetheless, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow. *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). A district court may not reduce a defendant's term of imprisonment unless a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction is inconsistent with the Guidelines' policy statement if the amendment does not lower the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Hamilton*, 715 F.3d at 337.

Amendment 782 revised the drug quantity tables in § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses. *See* U.S.S.G. App. C, Amend. 782 (2014). However, for defendants charged with an offense involving 330,000 kilograms of marijuana, the base offense level remained 38. *Compare* U.S.S.G. § 2D1.11(c)(1)(2007) *to* U.S.S.G. § 2D1.1(c)(1)(2016).

3

Here, the district court did not err in denying Barajas's § 3582(c)(2) motion because Amendment 782 did not lower his guideline range. Retroactively applying Amendment 782 would not decrease Barajas's base offense level under U.S.S.G. § 2D1.1(c)(1) because he was held responsible for 330,000 kilograms of marijuana, which continued to retain a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). Accordingly, Amendment 782 does not authorize a reduction in Barajas's sentence. *See Hamilton*, 715 F.3d at 337. Furthermore, to the extent that Barajas challenges his sentence based on the district court's error, such a claim is an extraneous resentencing issue which cannot be addressed in a § 3582(c)(2) proceeding. *Bravo*, 203 F.3d at 82. Thus, the district court was not authorized to reduce Barajas's sentence under § 3582(c)(2).

**AFFIRMED.**